# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CATANZARITE,<br><br>           Plaintiff,<br><br>     v.<br><br>D. PIERCE, et al.,<br><br>           Defendants. | Case No.: 1:12-cv-01502-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF DEFENDANT B. SUNDAY, WITHOUT PREJUDICE FOR FAILURE TO SERVE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(m)<br><br>[ECF Nos. 22, 23, 24] |

Plaintiff John Catanzarite is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding on a due process violation against Defendants M. Carrasco, F. Gonzalez, J. Marshall, K. Schulteis, K. Holland, A. Reed, C. Rouston, B. Snider, V. McLaughlin, D. Walker, T. Miner, T. Steadmen, J. Ramos, B. Sunday, D. Pierce, M. Nipper, D. Liles, E. Croxton, D. Drake, and I. Gassaway.

On January 16, 2014, the Court directed the United States Marshal to initiate service of process on these defendants. However, the Marshal was not able to locate Defendant B. Sunday and service was returned un-executed on January 28, 2014.

On February 3, 2014, the Court issued an order requiring Plaintiff to show cause why Defendant B. Sunday should not be dismissed for failure to provide sufficient information to

1

effectuate service of process. (ECF No. 23.) Plaintiff responded to the order to show cause on February 27, 2014. (ECF No. 24.)

## I.

## DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

Here, the Court previously determined in its order to show cause that the Marshal had exhausted avenues available to him to locate and serve Defendant B. Sunday. Walker, 14 F.3d at 1421-1422. Nothing in Plaintiff's response to the order to show cause suggests Plaintiff can provide any further information relevant to effectuating service upon Defendant Sunday. Plaintiff has failed to provide the Court with good cause to extend the time for serving Defendant Sunday, and this Defendant should be dismissed.

///

**II.**

**RECOMMENDATION**

Based on the foregoing,

IT IS HEREBY RECOMMENDED that Defendant B. Sunday be dismissed without prejudice for failure to provide information sufficient for the Marshal to effectuate service.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 4, 2014**

UNITED STATES MAGISTRATE JUDGE