**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN CATANZARITE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. PIERCE, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-01502-LJO-SAB (PC)<br><br>ORDER DENYING DEFENDANTS' MOTION TO CONVERT 12(B) MOTION INTO A MOTION FOR SUMMARY JUDGMENT<br><br>[ECF No. 35] |

Plaintiff John Catanzarite is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Defendants' motion to covert their Rule 12(b) motion into a motion for summary judgment, filed April 25, 2014. (ECF No. 35.)

On March 24, 2014, Defendants filed an unenumerated Rule 12(b) motion to dismiss on the grounds that Plaintiff failed to exhaust the available administrative remedies and violated the statute of limitation as to any claims based on events occurring before September 13, 2008. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). Plaintiff has not filed a response to the motion. Local Rule 230(*l*).

On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) with respect to the proper procedural device for raising the issue of administrative exhaustion. Albino v. Baca, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir. Apr. 3, 2014) (en banc). Following the decision in Albino, Defendants may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. Albino, 2014 WL 1317141, at *4 (quotation marks omitted). An

unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion.  Id.

A motion for summary judgement differs in several critical respects to a unenumerated Rule 12(b) motion to dismiss.  Rule 56 of the Federal Rules of Civil Procedure governs the filing of a motion for summary judgment.  A motion for summary judgment must be supported by adequate factual documentation, must conform in all respects with Rule 56, must include a statement of disputed and undisputed facts, and must include as exhibits all documentation relating to the events at issue. Fed. R. Civ. P. 56(a), (c); Local Rule 260.  A motion for summary judgment also must be accompanied by a Rand[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set forth in Rand must be served concurrently with motion for summary judgment. Because of the stringent requirements set forth in Rule 56 of the Federal Rules of Civil Procedure and the fact that Plaintiff is proceeding pro se, the Court finds the prudent approach to resolving the issue of exhaustion of the administrative remedies to be resolved by the filing of a motion for summary judgement in compliance with the applicable law.  This is especially true since this is a non-consent case and the district judge does not have the time nor resources based upon their impacted docket to address issues in the form of any objections to findings and recommendations which could be addressed if this Court were the Court of only instance.  Accordingly, the Court shall deny Defendants' motion to convert the Rule 12(b) motion into a motion for summary judgment.

Based on the foregoing,

IT IS HEREBY ORDERED that Defendants' motion to convert the Rule 12(b) motion into a motion for summary judgment is DENIED.

IT IS SO ORDERED.

Dated:   **May 5, 2014**

UNITED STATES MAGISTRATE JUDGE

---

[1] Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998).