UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CATANZARITE,<br><br>             Plaintiff,<br><br>      v.<br><br>D. PIERCE, et al.,<br><br>             Defendants. | Case No.: 1:12-cv-01502-LJO-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF THIRTY DAYS TO SUBMIT OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FILED MARCH 24, 2014<br><br>[ECF No. 43] |

Plaintiff John Catanzarite is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding on Plaintiff's due process claim against Defendants Carrasco, Croxton, Drake, Gassaway, Gonzalez, Holland, Liles, Marshall, McLaughlin, Miner, Nipper, Pierce, Reed, Rouston, Schulteis, Snider, Steadman, and Walker.

On March 24, 2014, Defendants filed a motion to dismiss based on the failure to exhaust the administrative remedies and violation of the applicable statute of limitations.  Although Plaintiff requested and received an extension of time, Plaintiff did not file an opposition.  Pursuant to Local Rule 230(l), all motions are deemed submitted after the deadlines for filing an opposition and/or reply expire.  Local Rule 230(l).  Accordingly, on July 10, 2014, the undersigned issued a Findings and Recommendation recommending that Defendants' unenumerated Rule 12(b) motion be denied without prejudice and Defendants' motion to dismiss Plaintiff's claim arising prior to September 6, 2008 be

1

granted. The Findings and Recommendation advised the parties that any objections were to be filed within thirty days.

On August 6, 2014, Plaintiff filed objections to the Findings and Recommendation. Defendants filed a reply on August 8, 2014.

In his objections, Plaintiff contends that he sent a copy of his opposition through the prison mail service on Wednesday, May 28, 2014. In support of his assertion, Plaintiff submit a copy of the mail log which indeed indicates that a copy of the opposition to Defendants' motion to dismiss was sent to this Court on May 28, 2014. However, to date, a review of the Court's docket does not reveal receipt of a copy of Plaintiff's opposition.

Defendants also assert that counsel's office never received a copy of Plaintiff's opposition, and state that "[e]ven Plaintiff's log book and declaration of service indicate that he did not serve Defendants with the opposition to Defendants' motion to dismiss." (ECF No. 44, Resp. at 2.) However, Defendants are advised that, as instructed in the Court's First Informational Order issued in this case on September 14, 2012, "After defendants have appeared in a state civil rights action pursuant to 42 U.S.C. section 1983 by filing a response to the complaint (i.e., an answer, a motion to dismiss, or a motion for summary judgment), and are represented by the office of the California State Attorney General, plaintiff is not required to serve copies of filings on defendants or counsel, as counsel will receive service via the court's electronic filing system." (ECF No. 2, Order, at 3:4-10.)

In light of the fact that Plaintiff sent a copy of his opposition to this Court on May 28, 2014, which was never received, Plaintiff will be granted thirty days from the date of service of this order to re-submit a copy of his opposition, and after filing of the opposition the Court will amend, if necessary, the pending Findings and Recommendation issued July 10, 2014.

IT IS SO ORDERED.

Dated:   **August 29, 2014**

UNITED STATES MAGISTRATE JUDGE