UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CATANZARITE,<br><br>    Plaintiff,<br><br>v.<br><br>D. PIERCE, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-01502-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>[ECF Nos. 81, 90] |

    Plaintiff John Catanzarite is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    Currently before the Court is Defendants' motion for summary judgment, filed September 10, 2015.

**I.**

**RELEVANT HISTORY**

    Plaintiff filed the instant action on September 13, 2012. (ECF No. 1.) On November 18, 2013, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and allowed Plaintiff to proceed in his due process claims. (ECF Nos. 15, 16.)

    The due process claims that allegedly took place between November 2004 and October 2006, were dismissed based on the doctrine of collateral estoppel. (ECF No. 15.) Defendants Todd, Devlin, Cowee, and Cowan were also dismissed for failure to state a cognizable claim for relief. (Id.)

1  Defendants Sunday and Ramos were later dismissed pursuant to Rule 4(m) of the Federal
2  Rules of Civil Procedure. (ECF Nos. 33, 41.)
3  On March 24, 2014, Defendants filed a motion to dismiss. (ECF No. 26.) Following the Ninth
4  Circuit's decision in <u>Albino v. Baca</u>, 747 F.3d 1162 (9th Cir. 2014) (en banc), Defendants' filed a
5  motion to convert their pending unenumerated 12(b) motion to a summary-judgment motion. (ECF
6  No. 35.) The Court denied Defendants' request on May 5, 2015. (ECF No. 38.)
7  On October 15, 2014, the Court granted Defendants' motion to dismiss Plaintiff's claims that
8  occurred before September 6, 2008, as barred by the statute of limitations. (ECF No. 54.) The Court
9  also denied, without prejudice, Defendants' unenumerated 12(b) motion on the issue of whether
10 Plaintiff exhausted his administrative remedies regarding the remainder of his claims. (<u>Id.</u>)
11 On January 16, 2015, Defendants filed a motion for summary judgment related to Plaintiff's
12 exhaustion of the administrative remedies. (ECF No. 63.) On August 11, 2015, the Court granted in
13 part and denied in part Defendants' motion for summary judgment. (ECF No. 80.) The Court held
14 that Plaintiff had not exhausted his administrative remedies on any claims against Defendants
15 Carrasco, Croxton, Drake, Gassaway, Gonzalez, Liles, McLaughlin, Miner, Nipper, Reed, Rouston,
16 Schulteis, Snider, or Steadman and these Defendants were dismissed. (<u>Id.</u>) The Court also dismissed
17 Plaintiff's claim for injunctive relief because Plaintiff had been released from the security housing unit
18 (SHU) and therefore his claim was moot. (<u>Id.</u>)
19 The Court found that Plaintiff exhausted his administrative remedies for his due-process claims
20 relating to the November 24, 2010, hearing and failure to obtain Departmental Review Board (DRB)
21 as to Defendants Pierce and Holland, and his due process claim relating to the Defendants Pierce,
22 Walker, and Marshall. (<u>Id.</u>)
23 Now pending before the Court is Defendants' motion for summary judgment filed on
24 September 10, 2015. (ECF No. 85.) Plaintiff did not file an opposition.

## II.

## LEGAL STANDARD

27 Any party may move for summary judgment, and the Court shall grant summary judgment if
28 the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

2

judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at 984 (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted).

**III.**

**DISCUSSION**

**A.   Defendants' Request for Judicial Notice**

Defendants request that the Court take judicial notice of the following documents: (1) Plaintiff's January 12, 1993, Abstract of Judgment (Ex. A); and (2) the California Department of Corrections and Rehabilitation Operational Manual (DOM) (Ex. B). Plaintiff did not oppose Defendants' request for judicial notice.

The Court can judicially notice facts that are not subject to reasonable dispute in that they are generally known within the territorial jurisdiction of the court or they are capable of ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(1), (2). The Court must take judicial court "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(c). Courts may properly take judicial notice of matters of public record, including court orders. Pavone v. Citicorp Credit Services, Inc., 60 F.Supp.2d 1040,

1045 (S.D. Cal. 1997). The Court may take judicial notice of matters of public record, including records and reports of administrative agencies. United States v. 14.02 Acres of Land More or Less in Fresno Cnty., 547 F.3d 943, 955 (9th Cir. 2008).

The Court grants Defendants' request for judicial notice of Exhibits A and B, as such documentation is not subject to reasonable dispute. See, e.g., Brown v. Valoff, 422 F.3d 926, 931 n.7 (9th Cir. 2005) (judicial notice of DOM); Brown v. Wheeler, No. 2:11-cv-0389 DAD (PC), 2013 WL 1087802, *4 n.3 (E.D. Cal.) (judicial notice of abstract of judgment in ruling on motion for summary judgment in § 1983 case.)

### B.      Summary of Plaintiff's Complaint

On November 24, 2010, Defendants Holland and Walker along with other committee members, willingly and knowingly retained Plaintiff in continuous SHU placement under the pretext that his case was deferred to the DRB for future SHU placement consideration, effectively and officially relinquishing any and all authority to release Plaintiff from the SHU. (ECF No. 1, Compl. at 10.) Subsequent to a discussion between Defendant Pierce and members of the Classification Service Unit on or about November 24, 2010, Defendant Pierce informed Plaintiff that Defendants never submitted his case to the DRB for review or consideration, resulting in periodic review amounting to more than a meaningful gesture. (Id. at 10-11.) Plaintiff further contends that "on November 24, 2010, and December 15, 2010, Defendants Pierce, Holland, and Walker willingly and knowingly retained Plaintiff on indeterminate SHU status based on information they clearly knew to be false and/or sensationalized." (Id. at 21.)

Plaintiff claims that on February 1, 2012, during his classification committee meeting, Defendants Pierce, Walker, and Marshal violated his due process rights by (1) refusing Plaintiff the right to present evidence during his classification meeting; (2) refusing to disclose to him the case factors or circumstantial considerations employed to justify indeterminate placement in the security housing unit; and (3) employing information they clearly knew to be false, sensationalized, and stale. (Id. at 23-24.)

///

///

4

**C.     Statement of Undisputed Facts[1]**

1. Plaintiff was confined as a state prisoner at California Correctional Institute during the times relevant to his claims in this action. (ECF No. 1, Pl.'s Compl. at 6.)

2. On June 11, 1993, Plaintiff was convicted and sentenced to 50 years in prison. (Defs.' Req. Judicial Not., Ex A.)

3. Defendants Pierce, Holland, Walker, and Marshall were employed by the California Department of Corrections and Rehabilitation (CDCR) at California Correctional Institute during the times at issue. (Pl.'s Compl. at 5-6.)

4. All decisions affecting transfer, program participation, supervision, security, housing, and safety of persons, are made by a classification committee composed of staff knowledgeable in the classification process. (Defs.' Req. Judicial Not., Ex. B, Department Operations Manual (DOM), section 62010.8.) Decisions of classification committees are documented on a CDC Form 128-G and a copy is given to the inmate. (Id.)

5. One of the Institution Classification Committee's (the Committee) functions is to review the altered status of each inmate placed in segregated housing at the time of initial placement and at regular interviews thereafter in accordance with California Code of Regulations, Title 15, section 3335. (Id. at DOM § 62010.8.1.)

6. To ensure the inmate receives due process, each Committee informs the inmate of the purpose of the hearing, introduces committee members, and encourages the inmate to participate in the hearing discussion, makes decisions based on evaluation of available information and mutual agreement of the committee members, and informs the inmate of the decision. (Id. at DOM § 62010.9.)

---

[1] Plaintiff neither filed his own separate statement of disputed facts nor admitted or denied the facts set forth by defendant as undisputed. Local Rule 56-260(b). Therefore, Defendants' statement of undisputed facts is accepted except where brought into dispute by Plaintiff's verified complaint. Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence).

7. The Committee prepares a recording of the hearing on a CDC Form 128-G that includes the following information: the action taken, the date of the action, the specific reason(s) for the action(s) including the information upon which the decision was based, the name of staff who participated in the decision, and the names of the chairperson and the person recording the action taken.  (Id. at DOM § 62010.9.1.)  At the conclusion of the hearing, the Committee gives a copy of the CDC Form 128-G to the inmate.  (Id.)

8. Plaintiff was originally placed in Administrative Segregation Unit (ASU) on April 6, 2000, for holding a hostage within the prison at California Medical Facility.  (Decl. of Garske, Ex. B.)  Plaintiff received a 27-month security housing unit term with a minimum eligible release date of December 14, 2001.  (Id.)

9. Classification Staff Representative action dated October 6, 2004, endorsed Plaintiff for California Correctional Institute-Security Housing Unit (SHU) indeterminate placement based on the severity of his disciplinary history because it was believed that his release from the SHU would constitute a threat to institutional security.  (Id.)

10. On November 4, 2004, Plaintiff was transferred from Pelican Bay State Prison to California Correctional Institute ASU and then he was transferred to California Correctional Institute SHU on June 14, 2005.  (Id.)

11. On November 24, 2010, the Institution Classification Committee assessed a 10-month SHU term for a rules violation for possession of a weapon dated May 27, 2009 (log number 4BSH-09-05-0143) that resulted in a minimum eligible release date of January 12, 2010.  (Id.)

12. On July 19, 2011, the Classification Staff Representative endorsed Plaintiff for an indeterminate SHU term based on the Institution Classification Committee's contention that his release from the SHU would continue to pose a substantial risk to the safety and security of the institution.  (Id.)

13. The Institution Classification Committee (the Committee) met on November 24, 2010 to conduct a 180-day review of Plaintiff's case.  (Id.)  The Committee included

Classification and Parole Representative Miner, Facility Captain Archuleta, Licensed Clinical Social Worker Bounville, and Defendants Pierce and Holland.  (Id.)

14. Plaintiff was given 72-hours' notice before the Committee met.  (Id.)  Plaintiff refused to attend and the Committee met in absentia.  (Id.)  One day before the Committee met, Defendant Pierce interviewed Plaintiff at his cell in an attempt to determine why he did not want to participate in the committee meeting.  (Id.)  Plaintiff told Defendant Pierce that "nothing's going to change."  (Id.)  Defendant Pierce informed Plaintiff about the anticipated Committee action, and told Plaintiff that he would notify him of the Committee's decisions after the completion of the hearing.  (Id.)

15. The Committee discussed Plaintiff's prior disciplinary hearing and case factors – which are listed on the CDC 128G form.  (Id.)  Committee notes from the August 20, 2008, committee meeting referenced that Plaintiff's case was referred to the Departmental Review Board (DRB) to evaluate Plaintiff's future housing needs.  (Id.)  But, after conferring with the Classification Services Unit, it was determined that a report was never submitted for DRB consideration.  (Id.)

16. Plaintiff's next SHU Annual Review was scheduled for May 11, 2011.  (Id.)

17. The Committee, consisting of Facility Captain Matzen, Staff Psychologist Dr. Stallcup, and Defendants Pierce, Marshall, and Walker met on February 1, 2012, to conduct a 180-day review of Plaintiff's classification status.  (Decl. of Garske, Ex. C.)  Plaintiff was given 72- hour's advance notice before the committee met and Plaintiff attending the committee meeting.  (Id.)  Dr. Stallcup interviewed Plaintiff and concluded that Plaintiff did not require a staff assistant and Plaintiff waived having a staff assistant present.  (Id.)

D. **Findings on Defendants' Motion**

Defendants move for summary judgment on the ground that Plaintiff was provided all the due process for which he was entitled and judgment should therefore be entered in their favor.

The Due Process Clause itself does not confer on inmates a liberty interest in a particular classification status.  See Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976).  The existence of a liberty

1  interest created by state law is determined by focusing on the nature of the deprivation. Sandin v.
2  Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are generally limited to
3  freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to
4  the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

5  　　　　With respect to placement in administrative segregation, due process requires only that prison
6  officials hold an informal nonadversary hearing within a reasonable time after the prisoner is
7  segregated, inform the prisoner of the charges against him or the reasons for considering segregation,
8  and allow the prisoner to present his views. Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir.
9  1986) (quotation marks omitted). Prisoners are not entitled to detailed written notice of charges,
10  representation by counsel or counsel substitute, an opportunity to present witnesses, or a written
11  decision describing the reasons for placing the prisoner in administrative segregation. Toussaint, 801
12  F.2d at 1100-01 (quotation marks omitted). Further, due process does not require disclosure of the
13  identity of any person providing information leading to the placement of a prisoner in administrative
14  segregation. Id. (quotation marks omitted). In addition, prison officials must engage in some sort of
15  periodic review of the confinement of such inmates. Id. (quotation marks omitted). Annual reviews
16  do not sufficiently protect the prisoner's liberty interest. Id. Moreover, even if a prisoner receives the
17  process for which he is entitled, the committee decision must be supported by some evidence in order
18  to satisfy procedural due process. Burnsworth v. Gunderson, 179 F.3d 771, 773 (9th Cir. 1999)
19  (quoting Superintendent v. Hill, 472 U.S. 445, 457 (1985).

20  　　　　1.　　　November 24, 2010 Classification Committee Review

21  　　　　As previously stated, Plaintiff contends that on November 24, 2010, Defendants Holland and
22  Walker along with other committee members, willingly and knowingly retained Plaintiff in continuous
23  SHU placement under the pretext that his case was deferred to the DRB for future SHU placement
24  consideration, effectively and officially relinquishing any and all authority to release Plaintiff from the
25  SHU. (ECF No. 1, Compl. at 10.) Subsequent to a discussion between Defendant Pierce and
26  members of the Classification Service Unit on or about November 24, 2010, Defendant Pierce
27  informed Plaintiff that Defendants never submitted his case to the DRB for review or consideration,
28  resulting in periodic review amounting to more than a meaningful gesture. (Id. at 10-11.) Plaintiff

8

further contends that "on November 24, 2010, and December 15, 2010, Defendants Pierce, Holland, and Walker willingly and knowingly retained Plaintiff on indeterminate SHU status based on information they clearly knew to be false and/or sensationalized." (Id. at 21.)

### a. Participation by Defendant Walker

Defendants submit evidence that Walker was not part of the November 24, 2010, classification committee, and therefore could not have violated Plaintiff's due-process rights at the hearing. (Decl. of Garske, Ex. B.) Defendant Walker has met his burden in demonstrating the lack of evidence to support his participation and the burden now shifts to Plaintiff to present evidence that Defendant Walker actually participated in the November 24, 2010, classification committee decision.

Plaintiff has failed to meet his burden. Indeed, Plaintiff presents no evidence to support his allegation that Defendant Walker participated in the November 24, 2010, and absent evidence to the contrary Defendant Walker is entitled to summary adjudication on this claim.

### b. Procedural Due Process

Plaintiff was provided with periodic reviews by the Institution Classification Committee as required under due process. Despite Plaintiff's refusal to attend the committee hearing, Plaintiff was provided advance notice of the November 24, 2010, hearing, provided an opportunity to attend and present evidence at the hearing, and after the hearing, was provided the reasons for the reviewing committee's decision to retain him in the SHU. (Decl. of Garske, Ex. B.) The Committee reviewed all the evidence prior to making its determination, and after the hearing Defendant Pierce notified Plaintiff of the decision. (Id.) Defendant Pierce also informed Plaintiff of his appeal rights. (Id.) As Plaintiff was provided notice, an opportunity to participate, and periodic review, he was provided all the procedural due process for which he is entitled. See Wilkinson v. Austin, 545 U.S. 209, 217 (2005) (finding due process satisfied by indeterminate administrative segregation policy that requires periodic review of inmate's files every thirty days and annual review at which inmate is allowed to appear and present his views).

### c. Some Evidence to Support Decision

The legal standard of "some evidence" was set forth by the Supreme Court in Superintendent v. Hill, 472 U.S. 445. Pursuant to Hill, the "relevant question is whether there is any evidence in the

9

record that could support the conclusion reached." Id. at 455-456. A "modicum" of evidence suffices. Id. at 455. In making segregation decisions, prison administrators may rely on their "experience and awareness of general prison conditions" as evidence. Toussaint, 801 F.2d at 1105. In addition, "a reviewing court may not reverse the administration's decision" if it is supported by some evidence. Id. Furthermore, in applying the some evidence standard, the Court is not required to "examine the entire record, independent assess witness credibility, or reweigh the evidence; rather, 'the relevant question is whether there is any evidence in the record that could support the conclusion.'" Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) (citing Hill, 472 U.S. at 455-456.)

Plaintiff contends the Committee based its decision on false or sensationalized evidence including the following: Plaintiff used a weapon during the hostage incident in April 2000 and committed sexual battery during the same incident; Plaintiff's escape history and escape plots; and bomb-making blue prints. (ECF No. 1, Pl.'s Compl. at 21.) However, Plaintiff refused to attend the hearing and therefore failed to present any evidence that the charges were false or sensationalized. (Decl. of Garske, Ex. B.) In making its determination, the Committee relied on the following: a rules violation report for possession of a weapon dated May 27, 2009; confidential memorandums dated September 2, 1994, September 23, 1994, February 1, 1995, October 7, 2004 (all of which documented Plaintiff's plots to escape from prison), and January 24, 2006 (which documented Plaintiff's promulgation of techniques used to create improvised weapons). (Id.) Certainly, these documents provided "some evidence" to support the Committee's decision that Plaintiff posed a security risk and placement in restricted housing was warranted.

Plaintiff fails to submit evidence to refute Defendants' evidence that he posed a security risk based on his previous conduct as documented through an investigation or other sources, including the rules violation for possession of a weapon and numerous confidential memorandums referring to Plaintiff's plan to escape. Thus, Plaintiff's due process rights were not violated by the Committee's decision to rescind the August 20, 2008, Committee action that referred his case to the DRB and assess a 10-month security housing unit term for the May 27, 2009, rules violation for possession of a weapon. Accordingly, Defendants' are entitled to summary judgment in their favor.

///

2. <u>February 1, 2012 Classification Committee Review</u>

Plaintiff contends that on February 1, 2012, during his classification committee meeting, Defendants Pierce, Walker, and Marshall violated his due process rights by (1) refusing Plaintiff the right to present evidence during the meeting; (2) refusing to disclose to Plaintiff the case factors or circumstantial considerations employed to justify SHU indeterminate placement; and (3) employing information that they clearly knew to be false, sensationalized, and stale. (ECF No. 1, Pl.'s Compl. at 23-24.)

**a. Procedural Due Process**

With regard to the February 1, 2012, classification committee hearing, Plaintiff was provided advance notice of the hearing and an opportunity to participate at the hearing. (Decl. of Garske, Ex. C.) Indeed, Plaintiff took advantage of his ability to attend the hearing and the CDC-128G form reflects that Plaintiff was introduced to the committee, indicated he was in good health and was ready to proceed. (<u>Id.</u>) Dr. Stallcup determined Plaintiff did not require assistance by staff and Plaintiff waived staff assistance. (<u>Id.</u>)

The Committee outlined and evaluated Plaintiff's case factors as reflected on the CDC-128G form. (<u>Id.</u>) Based upon review of all the case factors, the Committee elected to retain Plaintiff in SHU on indeterminate status "pending transfer or a SHU Annual Review." (<u>Id.</u>) At the completion of the hearing, Plaintiff "was able to explain [the] Committee's actions in his own words, thus demonstrating that effective communication was achieved." (<u>Id.</u>) As Plaintiff was provided notice, an opportunity to participate, and periodic review, he was provided all the procedural due process for which he is entitled. <u>See</u> <u>Wilkinson v. Austin</u>, 545 U.S. at 217.

**b. Some Evidence to Support Decision**

Plaintiff contends that the Committee based its decision on false, sensationalized or stale evidence. (ECF No. 1, Pl.'s Compl. at 23-24.) Plaintiff offers no evidence, beyond his mere allegation, to demonstrate that the charges were false, sensationalized, or stale. In making its determination, the Committee relied on a confidential memorandum dated January 24, 2006, which was a manifesto found in Plaintiff's possession describing a biochemical weapon and his willingness to fight. (Decl. of Garske, Ex. C.) The Committee also noted that Plaintiff shared diagrams with other

inmates that included creating improvised explosive devices.  The above evidence coupled with Plaintiff's commitment offenses, and taking a staff member as hostage and in-custody weapon possession, supported the finding that Plaintiff was "so predatory in nature that his release from SHU would undoubtedly endanger the lives of both staff and inmate."  (Id.)  Based on the evidence cited and reviewed at the February 1, 2012, hearing, there was no due process violation as the Committee relief on "some evidence" including Plaintiff's discipline problems in deciding to retain him the SHU pending transfer or a SHU Annual Review.[2]

## IV.
## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' request for judicial notice be GRANTED;
2. Defendants' motion for summary judgment be GRANTED; and
3. Judgment be entered in favor of all Defendants.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 4, 2016**

UNITED STATES MAGISTRATE JUDGE

---

[2] Because the Court finds that Plaintiff's procedural due process rights were not violated, the Court need not and does not address Defendants' alternative argument of entitlement to qualified immunity.